CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 16 2015

JULIA C. DUDLEY, CLERK
BY: /s/ D. Thompson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHIRLEY A. BARNES, ) | |
| ) | Civil Action No. 7:15CV00217 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | Hon. Glen E. Conrad |
| SAM'S EAST, INC.,[1] et al., ) | Chief United States District Judge |
| ) | |
| Defendants. ) | |

Shirley A. Barnes was previously employed by Sam's East, Inc. ("Sam's Club") at its retail warehouse club in Roanoke, Virginia. Barnes commenced this action related to the termination of her employment by filing a pro se complaint on May 6, 2015. She named as defendants Sam's Club; her former supervisor, Nicholas Salhany; her former coworker, Rachel House; her former attorney, Terry Grimes; and Thomas E. Bowers, the Commonwealth's Attorney for the City of Salem, Virginia. The court granted Barnes leave to proceed in forma pauperis, and directed the United States Marshal to serve the defendants. The defendants subsequently moved to dismiss Barnes' complaint. Rather than responding to the defendants' motions, Barnes filed a motion for leave to amend her complaint, along with a proposed amended complaint. The amended complaint adds as defendants Donald S. Caldwell, the Commonwealth's Attorney for the City of Roanoke, Virginia, and Darrell Graham, the Director of the Richmond office of the Equal Employment Opportunity Commission ("EEOC").

For the following reasons, the court will grant Barnes' motion for leave to file an amended complaint. However, the claims asserted in the amended complaint against Grimes, Bowers,

---

[1] Defendant Sam's East. Inc. is incorrectly named in the plaintiff's complaint as Sam's East Wholesale Club #8220. The docket shall be amended to reflect this defendant's correct name.

Caldwell, and Graham will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and Barnes will be required to respond to the remaining defendants' motion to dismiss the amended complaint.[2]

## Background

Barnes was employed by Sam's Club for approximately 21 years. Her employment was terminated on February 4, 2014. At the time of her termination, Barnes was assigned to work as a member greeter, due to her doctor's opinion that she is "partially handicap[ped]." Am. Compl. ¶ 8.

A few days prior to Barnes' termination, a white man entered Sam's Club and approached Barnes. Because he did not have a membership card, Barnes directed him to the customer service counter. The man subsequently shoplifted two computers. When Barnes was terminated, her supervisor, Nicholas Salhany, and another employee, Rachel House, accused Barnes of being responsible for the theft of the computers.

Following her termination, Barnes retained Terry Grimes to represent her. Grimes filed a charge of discrimination with the EEOC on Barnes' behalf. After the EEOC issued a right to sue letter, Grimes notified Barnes that he intended to withdraw from representing her. Grimes then sent Barnes a bill for the services rendered in connection with the EEOC proceedings.

On February 11, 2015, Barnes sent Thomas E. Bowers, the Commonwealth's Attorney for the City of Salem, a letter requesting a "felony investigation of the shoplifting crime that was

---

[2] Barnes moved to amend her complaint on June 19, 2015, less than 21 days after Sam's Club, Salhany, and House filed their motion to dismiss. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Barnes was entitled to amend her complaint as a matter of course as to these defendants. Accordingly, Sam's Club, Salhany, and House considered the amended complaint to have been filed on June 19, 2015, and responded within fourteen days thereafter, as required by Rule 15(a)(3).

2

committed at [Sam's Club on] January 29, 2014." Id. ¶ 31. Barnes later learned that the retail warehouse club is located in "the jurisdiction of the [Roanoke] police department." Id. ¶ 35.

Barnes, proceeding pro se and in forma pauperis, filed the instant action against Sam's Club, Salhany, House, Grimes, and Bowers on May 6, 2015. On June 19, 2015, Barnes filed a motion for leave to amend her complaint. The amended complaint names two additional defendants, EEOC Director Darrell Graham, and Donald S. Caldwell, the Commonwealth's Attorney for the City of Roanoke.

## Discussion

Under 28 U.S.C. § 1915, which governs in forma pauperis proceedings, the court is directed to dismiss a case "at any time" if the court determines that the case is frivolous, malicious, fails to state a claim, or seeks damages from someone who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive dismissal for failure to state a claim, a plaintiff must establish "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "At bottom, a plaintiff must 'nudge [her] claims across the line from conceivable to plausible' to resist dismissal." Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 364-65 (4th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). While a pro se litigant's pleadings are liberally construed, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570.

### I. Sam's Club Defendants

Liberally construed, Barnes' amended complaint alleges that Sam's Club unlawfully terminated her employment based upon her age, race, and disability, and that Salhany and House

3

defamed her by claiming that she was responsible for the shoplifting incident that preceded her termination. Sam's Club, Salhany, and House (collectively, "the Sam's Club defendants") have moved to dismiss the amended complaint. To the extent Barnes alleges that she was terminated in violation of the Americans with Disabilities Act, the Sam's Club defendants argue that such claim is subject to dismissal because it has not been administratively exhausted. To the extent Barnes alleges that she was terminated in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act, the Sam's Club defendants argue that such claims are subject to dismissal because Barnes failed to file suit within 90 days of receiving a right to sue letter from the EEOC. Likewise, the Sam's Club defendants argue that any claim for slander, libel, or defamation is barred by the one-year statute of limitations set forth in Virginia Code § 8.01-247.1.

The court declines to consider the Sam's Club defendants' arguments at this time, since Barnes has not had the opportunity to respond. The court will require Barnes to file any response to the Sam's Club defendants' motion to dismiss within 21 days.

## II.   Grimes

Barnes summarily claims that she is entitled to damages from Terry Grimes, her former attorney, for "intentional infliction of emotional distress" and "malicious prosecution." Am. Compl. 6. However, her amended complaint is entirely devoid of allegations sufficient to satisfy the elements of either cause of action.[3] See Mason v. Sallyport Global Holdings, Inc., 987 F. Supp. 2d 707, 710 (E.D. Va. 2013) ("The disfavored tort of intentional infliction of emotional distress requires conduct, resulting in severe emotional distress, that is 'so outrageous in character,

---

[3] To the extent Barnes intended to assert a claim for legal malpractice against Grimes, her allegations are insufficient to state a plausible claim for relief. See Rutter v. Jones, Blechman, Woltz & Kelly, P.C., 568 S.E.2d 693, 695 (Va. 2002) ("A cause of action for legal malpractice requires the existence of an attorney-client relationship which gave rise to a duty, breach of that duty by the defendant attorney, and the damages claimed by the plaintiff client must have been proximately caused by the defendant attorney's breach. In the absence of any injury or damage, there is no cause of action.").

4

and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'") (quoting Russo v. White, 400 S.E.2d 160, 162 (Va. 1991)); Lewis v. Kei, 708 S.E.2d 884, 889 (Va. 2011) ("In an action for malicious prosecution, the plaintiff must prove four elements: that the prosecution was (1) malicious; (2) instituted by or with the cooperation of the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff."). Accordingly, her claims against Grimes will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. Bowers and Caldwell

Thomas Bowers and Donald Caldwell are mentioned only in Count Four of Barnes' amended complaint. In that count, Barnes claims that she previously sent Bowers, the Commonwealth's Attorney for the City of Salem, a letter requesting that he investigate the shoplifting crime that was committed at Sam's Club on January 29, 2014, and that unbeknownst to her, the warehouse club is located within the jurisdiction of the Roanoke police department. She asks that the court issue an order requiring that Bowers and Caldwell, the Commonwealth's Attorney for the City of Roanoke, investigate the incident.

Under the federal mandamus statute, district courts have jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, "federal courts have no general power to compel action by state officials." Davis v. Lansing, 851 F.2d 72, 75 (2d Cir. 1988); see also In re Carr, No. 86-8014, 1986 U.S. App. LEXIS 37484, at *1 (4th Cir. Oct. 24, 1986) ("Federal courts only have mandamus jurisdiction over federal officials. Federal courts have no jurisdiction to compel state officials to perform a duty under state law, unless federal jurisdiction is some way impaired. Such is not the case here."). Because Bowers and Caldwell, in their respective capacities as Commonwealth's

5

Attorney for the City of Salem and Commonwealth's Attorney for the City of Roanoke, are state officials, the court lacks the authority to grant the relief requested by Barnes. Accordingly, her claims against Bowers and Caldwell will be dismissed.

### IV. Graham

In her amended complaint, Barnes lists EEOC Director Darrell Graham as an additional defendant. However, the amended complaint contains no allegations of wrongdoing by Graham. Accordingly, any claim against Graham is also subject to dismissal.

### Conclusion

For the reasons stated, the court will grant Barnes' motion for leave to file an amended complaint. Her claims in the amended complaint against Grimes, Bowers, Caldwell, and Graham will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), and Barnes will be required to respond to the motion to dismiss filed by the Sam's Club defendants.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 16th day of July, 2015.

_____
Chief United States District Judge

6

Case 7:15-cv-00217-GEC   Document 30   Filed 07/16/15   Page 6 of 6   Pageid#: 140