CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 20 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHIRLEY A. BARNES, | Civil Action No. 7:15CV00217 |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| SAM'S EAST, INC., et al., | Hon. Glen E. Conrad |
| Defendants. | Chief United States District Judge |

Shirley Barnes was previously employed by Sam's East, Inc. ("Sam's Club") at its retail warehouse club in Roanoke, Virginia. Barnes commenced this action related to the termination of her employment by filing a pro se complaint on May 6, 2015. The case is presently before the court on the motion to dismiss filed by Sam's Club, Nicholas Salhany, and Rachel House (collectively, "the Sam's Club defendants"). For the reasons that follow, the court will grant the motion.

## Background

The following facts, taken from Barnes' amended complaint, are accepted as true for purposes of the defendants' motion to dismiss. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Barnes is 69 years old. She was employed by Sam's Club for approximately 21 years. Her employment was terminated on February 4, 2014. At the time of her termination, Barnes was assigned to work as a member greeter, due to her doctor's opinion that she is "partially handicap[ped]." Am. Compl. ¶ 8.

A few days prior to Barnes' termination, a white man entered Sam's Club and approached Barnes. Because he did not have a membership card, Barnes directed him to the customer service

counter. The man subsequently shoplifted two computers. When Barnes was terminated, her supervisor, Nicholas Salhany, and another employee, Rachel House, accused Barnes of being responsible for the theft of the computers.

Following her termination, Barnes retained Terry Grimes to represent her. Grimes filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on Barnes' behalf. On November 17, 2014, Grimes received a right-to-sue letter from the EEOC. Grimes forwarded the letter to Barnes on January 12, 2015, and advised her that he intended to withdraw from representing her. Rather than immediately filing suit in federal court within the time period set forth in the right-to-sue letter, Barnes contacted Thomas E. Bowers, the Commonwealth's Attorney for the City of Salem, and requested a "felony investigation of the shoplifting crime that was committed at [Sam's Club on] January 29, 2014." Id. ¶ 31. Barnes later learned that the retail warehouse club is located in "the jurisdiction of the [Roanoke] police department," and, thus, that Bowers was not responsible for investigating the incident. Id. ¶ 35.

## Procedural History

Barnes, proceeding pro se and in forma pauperis, filed the instant action against Sam's Club, Salhany, House, Grimes, and Bowers on May 6, 2015. With respect to the Sam's Club defendants, Barnes claimed that Sam's Club terminated her employment because of her age, race, and disability, and that Salhany and House defamed her by claiming that she was responsible for the shoplifting incident that preceded her termination.

On June 19, 2015, Barnes filed a motion to amend her complaint, along with a proposed amended complaint. The amended complaint added as defendants Donald Caldwell, the Commonwealth's Attorney for the City of Roanoke, and Darrell Graham, the Director of the Richmond office of the EEOC.

2

The Sam's Club defendants moved to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On July 16, 2015, the court sua sponte dismissed Barnes' claims against Grimes, Bowers, Caldwell, and Graham, and directed Barnes to respond to the motion to dismiss filed by the Sam's Club defendants. The motion to dismiss has now been fully briefed and is ripe for disposition.[1]

## Standards of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for dismissal of an action for lack of subject matter jurisdiction. The plaintiff bears the burden of proving that subject matter jurisdiction exists. Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Dismissal for lack of subject matter jurisdiction is appropriate "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (internal citation and quotation marks omitted). In deciding a motion to dismiss for lack of subject matter jurisdiction, the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive dismissal for failure to state a claim, a plaintiff must establish "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "At bottom, a plaintiff must 'nudge [her] claims across the line from conceivable to plausible' to resist dismissal." Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 364-65 (4th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly,

---

[1] Neither side requested a hearing on the motion, and the court has determined that oral argument would not aid in the decisional process.

550 U.S. 544, 570 (2007)). While a pro se litigant's pleadings are liberally construed, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. In considering a Rule 12(b)(6) motion, the court may consider exhibits attached to or referred to in the complaint. See Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

## Discussion

### I. Claims under Title VII and the ADEA

Barnes first claims that Sam's Club engaged in race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). See Am. Compl. 2 (listing the "cause of action" as "Violation of Title VII . . . , Protected Class Race . . . ."). Although Barnes does not specifically cite to the Age Discrimination in Employment Act of 1964 ("ADEA"), Barnes also claims that Sam's Club "took unfair advantage of plaintiff, an elderly 69 year old . . . woman . . . ." Id. ¶ 29.

Before a plaintiff may file suit under Title VII or the ADEA, she is required to file a charge of discrimination with the EEOC. See 42 U.S.C. § 2000e-5(f) (Title VII); 29 U.S.C. § 626(d) (ADEA). If the EEOC decides not to pursue the claims in the charge of discrimination, it will issue a right-to-sue letter to the claimant. A person who receives a right-to-sue letter from the EEOC must file suit against the respondent named in the charge within 90 days of receiving the letter. Id.; see also Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993). The 90-day filing requirement applicable to claims under Title VII and the ADEA is "strictly construed." Asbury v. City of Roanoke, 599 F. Supp. 2d 712, 716 (W.D. Va. 2009). In the absence of waiver, estoppel, or equitable tolling, "a lawsuit filed in excess of the 90-day period

4

will be dismissed." Panyanouvong v. Vienna Wolftrap Hotel, 525 F. Supp. 2d 793, 796 (E.D. Va. 2007).

In this case, Barnes alleges that her attorney received the right-to-sue letter from the EEOC on November 17, 2014. Although it is unclear whether Barnes was made aware of her attorney's receipt of the letter in November of 2014, it is undisputed that the letter was forwarded to Barnes on January 12, 2015. Barnes did not file the instant action until May 6, 2015, 114 days after she received the right-to-sue letter and 170 days after her attorney received it.

Because Barnes' complaint was not filed within 90 days of receiving the right-to-sue letter, the court must determine whether "reasonable grounds exist for an equitable tolling of the filing period." Harvey v. New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). Upon review of the record, the court concludes that no such grounds exist in the instant case. In her response to the pending motion, Barnes indicates that she elected to request a criminal investigation "in lieu of filing a federal complaint," and that she "may have acted incomprehensible [sic]" in this regard, because she "was devastated from the wrongful termination and went into deep depression." Pl.'s Resp. 2. As a general rule, however, federal courts will apply equitable tolling because of a plaintiff's mental condition or disability "only in cases of profound mental incapacity." United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004) (citing Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998)); see also Vazquez-Rivera v. Figueroa, 759 F.3d 44, 50 (1st Cir. 2014) ("[E]quitable tolling is available in principle but only if the plaintiff show[s] that the mental disability was so severe that the plaintiff was unable to engage in rational thought and deliberate decision making sufficient to pursue [her] claim alone or through counsel.") (internal citation and quotation marks omitted). While the court is not unsympathetic to Barnes' situation, she has failed to establish that her depression rose to this level of severity. Accordingly, Barnes'

5

depression does not warrant the application of equitable tolling, nor does the mere fact that she is now proceeding without the assistance of counsel. See Sosa, 365 F.3d at 512 ("[E]ven in the case of an unrepresented [litigant], ignorance of the law is not a basis for equitable tolling."); Asbury, 599 F. Supp. 2d at 720 ("[A] statute of limitations will not ordinarily be tolled based upon mere ignorance of the law for any reason, including lack of counsel.").

For these reasons, the court concludes that Barnes' claims under Title VII and the ADEA are time-barred. Accordingly, the motion to dismiss will be granted with respect to these claims.[2]

## II. Claim under the ADA

Barnes also claims that she was wrongfully terminated on the basis of her "handicap," in violation of the Americans with Disabilities Act of 1990 ("ADA"). Am. Compl. ¶ 29. Before a plaintiff may file suit under the ADA, she is required to file a charge of discrimination with the EEOC. See 42 U.S.C. § 12117(a) (incorporating the Title VII procedures into the ADA). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996). A failure by the plaintiff to properly exhaust her administrative remedies concerning a claim "deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009); see also Underdue v. Wells Fargo Bank, N.A., 599 F. App'x 499, 500 (4th Cir. 2015) (dismissing an ADA claim for lack of subject matter jurisdiction, where the plaintiff did not provide any information as to the contents of the complaints filed with the EEOC).

---

[2] For the reasons explained below, Barnes' amended complaint is entirely devoid of any allegations sufficient to state a plausible claim of race discrimination. Thus, even if Barnes had filed suit within 90 days of receiving the right-to-sue letter from the EEOC, her claim of race discrimination under Title VII would be subject to dismissal under Rule 12(b)(6).

6

In this case, as set forth above, Barnes' EEOC charge alleged that Sam's Club discriminated against her on the grounds of race and age. Barnes did not check the box on the charge form for discrimination on the basis of disability, and the narrative explaining her charge only referenced race and age discrimination. In short, Barnes' charge of discrimination did not remotely suggest that Sam's Club discriminated against her on the basis of disability, and it did not otherwise allege facts that would have put Sam's Club or the EEOC on notice that she was charging Sam's Club with unlawful discrimination under the ADA. Moreover, given the fact that the charge alleged only race and age discrimination, a reasonable investigation would not have focused on disability discrimination. Accordingly, the court agrees with Sam's Club that the plaintiff's claim for discrimination under the ADA exceeds the scope of her EEOC charge and, thus, that it must be dismissed without prejudice for lack of subject matter jurisdiction. See, e.g., Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 133 (4th Cir. 2002) (holding that the plaintiff's claims for retaliation, color discrimination, and sex discrimination were barred, where the plaintiff's EEOC charge only alleged that the defendant discriminated against him on the basis of his race, and, thus, an "[a]dministrative investigation of retaliation, and color and sex discrimination, . . . could not reasonably be expected to occur").

### III. Claim under 42 U.S.C. § 1981

Barnes' amended complaint also cites to 42 U.S.C. § 1981, which "prohibits race discrimination in the making and enforcement of public and private contracts, including employment contracts." Ferrill v. Parker Grp., Inc., 168 F.3d 468, 472 (11th Cir. 1999); see also Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1018-19 (4th Cir. 1999) (holding that at-will employment relationships may serve as predicate contracts for § 1981 claims). However, the

7

amended complaint fails to state any actionable claim for race discrimination in violation of this statute. Among other deficiencies, Barnes does not disclose her own race, much less allege any facts that plausibly suggest that Sam's Club's decision to terminate her employment was motivated by race. In the absence of such facts, the court must dismiss Barnes' claim under § 1981. See Painter's Mill Grille, LLC v. Brown, 716 F.3d 342, (affirming the dismissal of the plaintiff's claims under § 1981, since the complaint contained "only conclusory and speculative allegations" and "set[] forth no facts to support a plausible claim"); Francis v. Giacomelli, 588 F.3d 186, 195 (4th Cir. 2009) (holding that the plaintiff's conclusory allegations of race discrimination were insufficient to state a § 1981 claim).

### IV. Claim under state law

In addition to asserting violations of various federal statutes, Barnes alleges that Salhany and House defamed her character by accusing her of being responsible for the shoplifting incident that preceded her termination. Barnes claims that this "fraudulent accusation" resulted in the termination of her employment. Am. Compl. ¶¶ 12, 16.

To the extent Barnes intended to assert a claim for libel, slander, or defamation under Virginia law, such claim is barred by the applicable statute of limitations. The limitations period for libel, slander, and defamation in Virginia is one year. Va. Code § 8.01-247.1. Barnes was terminated on February 4, 2014, but did not file the instant action until May 6, 2015. As such, any claim against Salhany or House that could be construed as one for libel, slander, or defamation must be dismissed as untimely.

8

## Conclusion

For the reasons stated, the court will grant the motion to dismiss filed by the Sam's Club defendants. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 20th day of August, 2015.

                                                             /s/ Conrad

                                        Chief United States District Judge