CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 11 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHIRLEY A. BARNES, | ) |
| | ) Civil Action No. 7:15CV00217 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) Hon. Glen E. Conrad |
| SAM'S EAST, INC., et al., | ) Chief United States District Judge |
| | ) |
| Defendants. | ) |

Shirley A. Barnes, proceeding pro se and in forma pauperis, filed this action against a number of defendants, including her former employer, Sam's East, Inc.; her former coworkers, Nicholas Salhany and Rachel House; and her former attorney, Terry Grimes. On July 16, 2015, the court sua sponte dismissed Barnes' claims against Grimes, and directed Barnes to respond to a motion to dismiss filed by Sam's East, Salhany, and House. The court subsequently granted the motion to dismiss on August 20, 2015, and terminated the case from the court's active docket. Barnes has now moved to alter or amend the court's prior rulings on her claims against Sam's East, Salhany, House, and Grimes, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the following reasons, the motion will be denied.

"A Rule 59(e) motion may be granted only in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly," and only in "exceptional circumstances." Id. The rule "may not be used to relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment." Exxon

Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (internal citation and quotation marks omitted).

Applying these principles, the court concludes that Barnes is not entitled to relief under Rule 59(e). To the extent Barnes asks the court to reconsider its rulings on the claims asserted in her amended complaint, she does not identify any recent change in the controlling law or clear error which would merit an alteration or amendment to the court's previous opinions and orders. While the plaintiff may disagree with the court's rulings, "mere disagreement does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993); see also Pritchard v. Wal-Mart Stores, Inc., 3 F. App'x 52, 53 (4th Cir. 2001) ("When the motion [for reconsideration] . . . merely requests the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized.") (quoting United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982)). To the extent Barnes seeks to assert new claims against Sam's East, Salhany, House, and Grimes, a Rule 59(e) motion is not the appropriate vehicle for doing so. See Worrell v. Houston Can! Acad., 287 F. App'x 320, 327 (5th Cir. 2008) ("[A] civil litigant may not use Rule 59(e) to raise new claims that could have been raised prior to the district court's entry of a final judgment."). Accordingly, the plaintiff's motion to alter or amend the court's previous rulings will be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 11th day of September, 2015.

_____
Chief United States District Judge

2